UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

ROBERT W. PARKER

    v.                                                      Case No. 25-cv-444-SM-TSM

VALERIE J. LOZIER, PSY.D., FNP-BC
LOZIER MEDICINE, LLC

## REPORT AND RECOMMENDATION

Self-represented Plaintiff Robert W. Parker, appearing in forma pauperis, brings this complaint (Doc. No. 1) against Valerie J. Lozier, Psy.D and Lozier Medicine, LLC, based on medical treatment he received in 2022 and 2023. The matter is before this court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and LR 4.3(d)(2).

## STANDARD OF REVIEW

This court conducts a preliminary review of actions that are filed in forma pauperis. LR 4.3(d)(2). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

In conducting this preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Plausibility demands that the factual allegations 'be enough to raise a right to relief above the speculative level.'" Villeneuve v. Avon Prods., 919 F.3d 40, 49 (1st Cir. 2019) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court "gauge[s] plausibility by drawing not only on

'judicial experience,' but also on 'common sense.'" Villeneuve, 919 F.3d at 49 (quoting Ashcroft, 556 U.S. at 679).

The court must construe the allegations of self-represented plaintiffs liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND

The facts are derived from Mr. Parker's complaint (Doc. No. 1) and the attachments thereto. From July 21, 2022 through 2023, Dr. Lozier served as Mr. Parker's primary care provider, treating him for tachycardia, wounds to his left leg and complaints consistent with a head injury. Mr. Parker alleges that, on or about July 30, 2022, he was assaulted by police officers, causing injuries to his head and knee, and anxiety. Four days later, Mr. Parker detailed the assault to Dr. Lozier and requested that she "thoroughly document his injuries, including photographs, and preserve all clinical information." Compl. (Doc. No. 1). ¶ 11.

Despite Mr. Parker's repeated requests, Dr. Lozier failed to create and/or maintain adequate contemporaneous clinical records reflecting Mr. Parker's medical history and failed to obtain or preserve photographic documentation of his injuries. Id. at ¶ 13. Mr. Parker alleges, upon information and belief, that these failures occurred because Dr. Lozier coordinated with or acquiesced to requests from the officers who allegedly assaulted Mr. Parker to avoid creating evidence that would support him in claims in future legal action against the officers. Id. at ¶ 14. As a result, Mr. Parker suffered ongoing physical pain and limitations, delayed or impaired medical care, emotional distress and injuries to his ability to pursue legal redress for his injuries.

## DISCUSSION

Mr. Parker asserts six causes of action. The court addresses each in turn.

A. Count I – 42 U.S.C. § 1983 Conspiracy

In Count I, Mr. Parker alleges that Dr. Lozier violated his Fourteenth Amendment due process rights and his First and Fourteenth Amendment right of access to the courts by conspiring with the police officers who assaulted him "to omit, suppress and fail to create material medical documentation and photographs of [his] injuries, thereby aiding the cover-up of constitutional violations . . . ." Doc. No. 1 at ¶ 18.

Pursuant to 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." Id. (citing Graham v. Connor, 490 U.S. 386, 394 (1989); and Baker, 443 U.S. at 140); see also Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151-52 (1st Cir. 2006) ("In order to establish liability under § 1983, plaintiffs 'must show by a preponderance of the evidence that: (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.'" (quoting Johnson v. Mahoney, 424 F.3d 83, 89 (1st Cir. 2005))); Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) ("[I]t is the plaintiff's burden to identify the specific constitutional right infringed.").

Here, even assuming that Dr. Lozier, a private citizen, can be considered a "state actor," Mr. Parker failed to allege that she violated his rights as alleged. According to the complaint, Dr. Lozier's involvement in the conspiracy began after the alleged assault. In such circumstances, the First Circuit has held that state actors "involved solely in the cover up of another officer's assault and battery of a suspect, without any evidence of a conspiratorial agreement prior to the incident, cannot be held liable for the original tort through a civil rights conspiracy." Sanchez v. Foley, 972, F.3d 1, 12 (1st Cir. 2020) (citing Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980)); see also Cumby v. Am. Med. Response, Inc., No. CV 18-30050-MGM, 2019 WL 9244983, at *4 (D. Mass. Oct. 31, 2019) ("It is well-established that only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.") (cleaned up).  As Count I alleges precisely such a cover up, it fails to state a claim upon which relief can be granted and should therefore be dismissed.

B.  Count II – Denial of Access to Courts

In Count II, Mr. Parker alleges that Dr. Lozier's "deliberate suppression and noncreation of material clinical evidence foreseeably and actually hindered [his] ability to seek judicial relief for the underlying police assault."  Doc. No. 1 at ¶ 21.  "[I]n order for the cover-up to rise to the level of a constitutional violation, the case law in this circuit makes clear that Plaintiff must allege the cover-up prevented him from seeking redress in court against the original wrongdoers or somehow rendered his relief against them ineffective." Cumby, 2019 WL 9244983, at *5 (citing Landrigan, 628 F.2d at 742); see also Correia v. Town of Framingham, No. CIV. 12-10828-NMG, 2013 WL 4499345, at *3 (D. Mass. July 24, 2013) (collecting cases which "require allegations that the cover-up prevented the plaintiffs from seeking redress in court, deprived them of damages they otherwise would have received, or otherwise rendered ineffective the remedies available via court action, before a § 1983 claim arising from the cover up will lie").

4

Mr. Parker's complaint contains no facts to support such a claim. He has not been prevented from seeking redress in court, as he has a pending section 1983 action in this court, which already proceeded past the preliminary review stage. See Parker v. Jarvis, Civ. No. 25-cv-59-JL-AJ (D.N.H. filed Feb. 6, 2025). Nor does he allege any facts which plausibly suggest that Dr. Lozier's alleged acts compromised his ability to pursue that suit. Accordingly, Count II should be dismissed.

C. Counts III-V – Medical Negligence

In these counts Mr. Parker asserts claims of medical negligence, based on Dr. Lozier's treatment, prescribing practices and record-keeping. Taking Mr. Parker's allegations in the light most favorable to him and with the leniency afforded pro se litigants, see Erickson, 551 U.S. at 94, he alleges facts sufficient to state a plausible state-law claim for medical negligence. See N.H. Rev. Stat. Ann. § 507-E (describing legal requirements for medical negligence action, including plaintiff's burden of proof). Accordingly, and without prejudice to Defendants' right to seek dismissal or assert any available defense available under the Federal Rules of Civil Procedure, the court will, by separate Order, direct service of these claims.

D. Count VI – Negligent Infliction of Emotional Distress

To state a claim of negligent infliction of emotional distress, a plaintiff must show "(1) causal negligence of the defendant; (2) foreseeability; and (3) serious mental and emotional harm accompanied by objective physical symptoms." Currington v. Sig Sauer, Inc., No. 25-CV-26-JL, 2025 WL 1695427, at *4 (D.N.H. June 17, 2025) (quoting Tessier v. Rockefeller, 162 N.H. 324, 342 (2011) . "To recover for negligently inflicted emotional distress, a plaintiff must prove physical manifestations of the distress." Hudson v. Dr. Michael J. O'Connell's Pain Care Ctr., Inc., 822 F. Supp. 2d 84, 98 (D.N.H. 2011) (DiClerico, J.) (citing O'Donnell v. HCA Health Servs. of N.H., Inc., 152 N.H. 608, 611 (2005)).     Mr. Parker alleges that Dr. Lozier's acts and

omissions caused him severe physical and emotional distress, including anxiety and trauma-related symptoms. Doc. No. 1 at ¶¶ 30-31. Again construing the complaint liberally, the court finds these allegations sufficient to allow this claim to proceed. Accordingly, and without prejudice to Defendants' right to seek dismissal or assert any available defense available under the Federal Rules of Civil Procedure, the court will, by separate Order, direct service of this claim.

## CONCLUSION

Based on the foregoing, the district judge should dismiss Counts I and II of the Complaint.[1] Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 5, 2026

cc:   Robert W. Parker, pro se

---

[1] Although the court recommends dismissal of Mr. Parker's two federal claims, the court has subject matter jurisdiction over the remaining claims because Mr. Parker claims Massachusetts citizenship and Defendants appear to be New Hampshire citizens. See Doc. No. 1 at ¶ 4; 28 U.S.C. § 1332 (diversity jurisdiction).